## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN DiPESO, INNA DiPESO, LD, & SD, | CIVIL ACTION |
| *Plaintiffs*, | NO. 26-2589 |
| v. |  |
| DETECTIVE JOSEPH KOPETSKY (NORTH WILDWOOD POLICE DEPARTMENT), OFFICER VINCENT DeRITIS (NORTH WILDWOOD POLICE DEPARTMENT), OFFICER JERALD GARRIOT (NORTH WILDWOOD POLICE DEPARTMENT DETECTIVE TRISTIAN JOHNS, (CAPE MAY COUNTY PROSECUTOR'S OFFICE), DETECTIVE SARAH LESNIEWSKI (CAPE MAY COUNTY PROSECUTOR'S OFFICE), DETECTIVE MAURICE CATARCIO (CAPE MAY COUNTY PROSECUTOR'S OFFICE), OFFICER MATTHEW MAHONEY (WILDWOOD POLICE DEPARTMENT)   AND JOHN/JANE DOES 1-5, | JURY TRIAL DEMANDED CAMDEN VICINAGE |
| *Defendants*. |  |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Steven DiPeso, Inna DiPeso, and minor Plaintiffs by LD and SD (through the other Plaintiffs as parents and natural guardians) by and through their undersigned counsel, O'Hanlon Schwartz, P.C., hereby demand a trial by jury and complain against the above-captioned Defendants in their individual capacities as follows:

1

**Statement of Claim and Jurisdiction**

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution against Defendants in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.    The Defendants, acting under color of state law, deprived Plaintiffs of their constitutional rights by engaging in an illegal search and seizure of Plaintiffs' persons and property in violation of the Fourth and First Amendments to the United States Constitution.  The arrest of Plaintiff Steven DiPeso with a warrant was baseless because all Defendants knew that the warrant was insufficient to support probable cause and was obtained using false information.

3.    Plaintiffs seek compensatory and punitive damages to redress the Defendants' violations of Plaintiffs' constitutional rights.

**Parties**

4.    Plaintiff, Steven DiPeso ("Plaintiff Steven DiPeso"), is an individual and citizen of the State of New Jersey and the United States and a resident of Cape May County.

5.    Plaintiff, Inna DiPeso ("Plaintiff Inna DiPeso"), is an individual and citizen of the State of New Jersey and permanent resident of the United States and a resident of Cape May County.

6.     Plaintiff, LD ("Plaintiff LD"), is a minor individual and citizen of the State of New Jersey and the United States and a resident of Cape May County.

7.     Plaintiff, SD ("Plaintiff SD"), is a minor individual and citizen of the State of New Jersey and the United States and a resident of Cape May County.

8. Defendant Detective Joseph Kopetsky (North Wildwood Police Department)("Defendant Kopetsky") is a police detective acting at all times under the color of state law.

9. Defendant Officer Vincent DeRitis (North Wildwood Police Department)("Defendant DeRitis") is a police officer acting at all times under the color of state law.

10. Defendant Officer Jerald Garriot (North Wildwood Police Department)("Defendant Garriot") is a police officer acting at all times under the color of state law.

11. Defendant Detective Tristian Johns (Cape May County Prosecutor's Office) ("Defendant Johns") is a police detective acting at all times under the color of state law.

12. Defendant Detective Sarah Lesniewski (Cape May County Prosecutor's Office) ("Defendant Lesniewski") is a police detective acting at all times under the color of state law.

13. Defendant Detective Maurice Catarcio (Cape May County Prosecutor's Office) ("Defendant Cartarcio") is a police detective acting at all times under the color of state law.

14. Defendant Officer Matthew Mahoney (Wildwood Police Department)("Defendant Mahoney") is a police officer acting at all times under the color of state law.

15. Defendants John/Jane Does 1-5 are individuals whose true identities are presently unknown to Plaintiffs. These Defendants participated in the violations of Plaintiffs' constitutional rights alleged herein and include law enforcement and non-law enforcement individuals involved in the illegal search, seizure and arrest as well as false warrant procurement.

**Facts**

16. On or about March 15, 2024, all Defendants came to Plaintiffs' home with a search and arrest warrant for Plaintiff Steven DiPeso. The warrant was obtained by each and every Defendant under false pretenses because Defendants knew that information provided by Joseph Mahoney and several condominium owners against Plaintiff Steven DiPeso was insufficient to warrant criminal arrest. Instead, all Defendants exaggerated and false allegations of theft and mishandling of financial assets Plaintiff Steven DiPeso. Many of the sums at issue were *de minimus* and there was no proper investigation done. In fact, alleged criminal complainants were induced by Defendants and in concert with Joseph Mahoney while knowing that information provided did not justify any criminal charges.

17. Defendants seized cell phones and devices of all Plaintiffs without a warrant for Plaintiff Inna DiPeso and Plaintiffs LD and SD. These devices have not been returned despite having no evidentiary value and Defendants admitting same in police paperwork.

18. Plaintiff LD (9 years-old at the time of the incident) tried to record Defendants outside of the residence but Defendants seized his cell phone when Plaintiff LD tried to record.

19. Plaintiff Steven DiPeso was incarcerated at the Cape May Correctional Facility for a period following arrest.

20. In June of 2025 six of the seven felony counts of theft were dismissed in relation to Plaintiff Steven DiPeso because there was no probable cause to ever initiate these charges.

21. As a result of the conduct of all Defendants, Plaintiffs have suffered significant financial losses, loss of business opportunities, harm to their reputation, and emotional injury.

22. Plaintiffs seek damages for the harm caused to their business operations, reputation, and property rights.

23.    The Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiffs as more clearly set forth in the Counts below.

24.    At all times during the events described above, all Defendants were engaged in an unconstitutional and continuing joint venture. These individual Defendants assisted each other in performing the various actions described. They lent their physical presence, support, and the authority of their office to each other during the said events.

25.    As a direct and proximate result of the said acts or omissions of Defendants, made possible by, and compounded by, the acts and/or omissions of other Defendants, Plaintiffs suffered, *inter alia*, the following injuries, and damages, some or all of which may be permanent in nature:

    i.   Physical and mental pain and suffering, in both the past and the predictable future, including discomfort, loss of use of bodily function, ill health, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, emotional trauma, and criminal attorney fees and expert costs;

    ii.  medical and psychological expenses, past and future;

    iii. loss of life's pleasures;

    iv.  general damages for violation of Plaintiffs' Constitutional rights under the Fourth and First Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988 Constitution; and

    v.   punitive damages, which are justified factually as alleged herein, and legally, because the Defendants acted maliciously and/or wantonly in violating the Plaintiffs' Constitutionally protected rights, and intentionally, recklessly, and

willfully engaged in reprehensible and outrageous conduct not to be tolerated in a civilized society.

26.    Plaintiffs further seek counsel fees and costs as authorized by statute.

27.    Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiffs.  It would be unreasonable for any Defendant to believe that they were not violating such rights as more clearly set forth in the Counts below.

28.    Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of state law.

29.    While acting under color of state law, Defendants deprived Plaintiffs of various federal Constitutional rights as more fully set forth herein.

**Causes of Action**

**COUNT ONE:  42 U.S.C. § 1983 - FOURTH AMENDMENT ILLEGAL SEIZURE AND FALSE ARREST BY PLAINTIFFS AND AGAINST ALL DEFENDANTS**

30.    Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.    Defendants caused Plaintiff Steven DiPeso to be detained and arrested in violation of his right to be secure in his person against unreasonable seizures as guaranteed to him under the Fourth Amendment to the United States Constitution.

32.    Plaintiff Steven DiPeso was illegally seized and arrested by Defendants because there was no legal basis to justify false information that was presented in the affidavit of probable cause that led to a search and arrest warrant.

33. There was also no probable cause to seize electronic devices from all Plaintiffs and there is no basis to retain same given that defendants have admitted that there is no evidentiary value.

34. As a result of Defendants' conduct, they are liable for Plaintiff's injuries because Defendants knowingly engaged in illegal search, seizures, and an arrest.

35. All of the aforementioned acts of Defendants were carried out under the color of state law and by Defendants in their individual capacities with all actual and/or apparent authority afforded to law enforcement officials.

36. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, including right to be free from unreasonable seizure and false arrest.

37. Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and, therefore, warrants the imposition of exemplary and punitive damages.

38. Plaintiffs should, therefore, be compensated for the violation of their Fourth Amendment rights.

**COUNT TWO:  42 U.S.C. § 1983 – FIRST AMENDMENT
VIOLATIONS BY PLAINTIFF LD AGAINST ALL
DEFENDANTS**

39. Plaintiff incorporates paragraphs 1 through 38 above as though fully set forth.

40. Defendants confiscated LD's cell phone when he was recording Defendants' illegal police activity and engaged in First Amendment activity.  Defendants did this because they stated that they did not want to be recorded.

41.     All of the aforementioned acts deprived Plaintiff LD of the rights guaranteed to citizens of the United States by the First Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including the right to be free from retaliation for engaging in press-related.

42.     Plaintiff LD should, therefore, be compensated for the violations of his First Amendment rights.

43.     All of the aforementioned acts of the Defendants were carried out under the color of state law and by Defendants in their individual capacities with all actual and/or apparent authority afforded to police officers.

44.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, including right to be free from retaliation for engaging in press-related activity.

45.     All individual Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and, therefore, warrants the imposition of exemplary and punitive damages.

46.     Plaintiff LD should, therefore, be compensated for the violation of his First Amendment rights.

**COUNT THREE:  42 U.S.C. § 1983 – FOURTH
AMENDMENT MALICIOUS PROSECUTION BY
PLAINTIFF STEVEN DiPESO AGAINST ALL
DEFENDANTS**

47.     Plaintiff incorporates paragraphs 1 through 46 above as though fully set forth.

48.     Defendants initiated a meritless criminal proceeding against Plaintiff Steven DiPeso.

49.    In June of 2025 six of the seven felony counts of theft were dismissed in relation to Plaintiff Steven DiPeso because there was no probable cause to ever initiate these charges.

50.    Plaintiff Steven DiPeso was incarcerated as a result of the baseless charges prior to eventually being released at a pretrial detention hearing with multiple conditions.

51.    Defendants acted individually and in concert in perpetuating a baseless criminal prosecution against Plaintiff and did so acting under color of law.

52.    The whole prosecution was based upon fabrication, lies, and intimidation.  The process initiated and perpetuated was unreasonable and had no basis in law.

53.    All of the aforementioned acts deprived Plaintiff Steven DiPeso of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including the right to be free from malicious prosecution.

54.    Defendants intentionally engaged in a malicious prosecution whereby they initiated a malicious prosecution in violation of Plaintiff's constitutional rights. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights, and therefore warrants the imposition of exemplary and punitive damages to punish and deter Defendants and others like the Defendants from further wrongdoing.

55.    Plaintiff Steven DiPeso should, therefore, be compensated for the violations of his Fourth Amendment rights.

## Prayer for Relief

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court for each Count alleged:

a. Award compensatory damages to Plaintiffs against the Defendants, jointly and severally;

b. Award punitive damages to Plaintiffs against the Defendants, to punish them and deter further wrongdoing jointly and severally;

c. Award costs of this action to the Plaintiffs;

d. Award reasonable attorneys' fees and costs to the Plaintiffs pursuant to 42 U.S.C. §§ 1983 and 1988 and any other applicable law;

e. Award such other and further relief, as this Court may deem appropriate.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial.

## Local Civil Rule 11.2 Certification

Pursuant to Local Rule 11.2, I hereby certify that the above-captioned matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**O'HANLON SCHWARTZ, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

10

DATE:  March 13, 2026

**O'HANLON SCHWARTZ, P.C.**
BY:    Stephen T. O'Hanlon, Esquire (NJ Bar # 027612008)
2 Penn Center, Suite 1410,
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com
izzy@ohanlonschwartz.com
Attorney for Plaintiffs

11