State of New Jersey
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

May 6, 2026

**Via Electronic Filing**
The Hon. Ann Marie Donio, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3A
Camden, New Jersey 08101

Re: *Steven DiPeso, et al. v. Detective Joseph Kopetsky, et al.*
Docket No. 1:26-CV-02589-ESK-AMD

Request to Stay Civil Proceedings Pending Resolution of Ongoing State Court Criminal Proceedings for Plaintiff, Steven DiPeso

Your Honor:

This office represents Defendants, Detective Tristan Johns (improperly pleaded as "Tristian Johns), Detective Maurice Catarcio, and Detective Sarah Lesniewski, and (collectively, CCPO Defendants), public employees of the Cape May County Prosecutor's Office, in the above-captioned matter.

On March 13, 2026, Plaintiffs Steven DiPeso, Inna DiPeso, and their minor children, L.D. and S.D., filed their complaint in the above action. (ECF No. 1, at 11). Therein, Plaintiffs assert three specific causes of action: a Section 1983 claim for Fourth Amendment illegal seizure and false arrest, a Section 1983 claim for First Amendment violations, and a Section 1983 claim for Fourth Amendment malicious prosecution by Plaintiff, Steven DiPeso. *Id.*, at 6-9. At present, the CCPO Defendants respectfully write to request that this Court stay proceedings in this action. Counsel of record has each consented to the CCPO Defendants' request.

The CCPO Defendants base their consented-to request to stay discovery upon three separate grounds. *First*, this Court can take judicial notice, under *Federal Rule of*

*Evidence* 201(b)(2), of the court docket in the ongoing criminal matter of *State v. Steven R. DiPeso*, 0507-W-2024-000017, from the Superior Court of New Jersey, Cape May Vicinage, Criminal Division.[1] In this present action, Plaintiffs Section 1983 claims are primarily premised upon an alleged lack of probable cause for the issuance of the underlying search warrant of Plaintiffs' home and the arrest warrant for Plaintiff, Steven DiPeso. *See*, *e.g.*, (ECF No. 1, at 4) ("The [arrest warrant] was obtained by each and every Defendants under false pretenses because Defendants knew that information provided . . . was insufficient to warrant criminal arrest."). Thus, under the *Younger*[2] abstention doctrine, this Court should decline to exercise jurisdiction over Plaintiffs' Section 1983 Fourth Amendment illegal seizure, false arrest, and malicious prosecution claims. *Ford Motor Co. v. Ins. Com'r of Com. of Pa.*, 874 F.2d 926, 931–32 (3d Cir. 1989) ("That doctrine of abstention, characterized as one of equitable restraint, instructs us that due deference must be paid to state proceedings initiated to resolve controversies that raise significant state issues when federal court intervention is sought.")

The Third Circuit has instructed, "[u]nder [*Younger v. Harris*, 401 U.S. 37 (1971)], federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). Here, this Court's resolution of Plaintiffs' Section 1983 Fourth Amendment illegal seizure, false arrest, and malicious prosecution claims is likely to interfere with Plaintiff, Steven R. DiPeso's ongoing state criminal proceedings in the Cape May Vicinage and may result in inconsistent findings of law and fact. Further, if the CCPO Defendants sought to depose Plaintiff DiPeso before the resolution of the ongoing state court criminal proceedings, he would have to "choose between waiving [his] Fifth Amendment rights and defending [himself] in the civil lawsuit or asserting the privilege and probably losing the civil case." Walsh Sec., Inc. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 528 (D.N.J. 1998). Courts within this district have reasoned that a stay of civil proceedings under such circumstances would be "in the interest of justice." Id. For these reasons, this Court should apply the Younger abstention doctrine and decline to exercise jurisdiction over Plaintiffs' Section 1983 Fourth Amendment illegal seizure, false arrest, and malicious prosecution claims.

*Second*, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court reasoned that "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. . . ." *Id.* at 489 (citation omitted); *accord Coello v. DiLeo*, 43 F.4th 346, 354–55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious

---

[1] *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.") (citations omitted); *Peterson v. Pitts*, No. 18-1691, 2019 WL 3836497, at *1 (E.D. Pa. Aug. 14, 2019) ("Docket entries in a criminal proceeding are public records, of which the Court takes judicial notice.") (internal citation omitted).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

prosecution accrues when the prosecution terminates without a conviction.") (cleaned up). Here, Plaintiff DiPeso's state court criminal proceedings remain ongoing. For these reasons, Plaintiff DiPeso's Section 1983 Fourth Amendment malicious prosecution claim has not yet accrued and should be stayed on this alternate ground as well.

*Third*, the CCPO Defendants also request that this Court stay proceedings on Plaintiffs' Section 1983 claims for alleged First Amendment violations. (ECF No. 1, at 7-8). Doing so would be in the interest of judicial economy and efficient case management.

The Third Circuit has instructed that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (citation omitted). Here, Plaintiffs allege that the First Amendment violations – seizure of "cell phones and devices of all Plaintiffs without a warrant. . . ." – occurred during the named defendants' execution of the search warrant of Plaintiffs' home and the arrest warrant for Plaintiff DiPeso. (ECF No. 1, at 4). Thus, the witnesses for Plaintiffs' Section 1983 Fourth Amendment claims for illegal seizure, false arrest, and malicious prosecution will likely be the same as those for Plaintiffs' Section 1983 First Amendment claims. For these reasons, staying these proceedings concerning Plaintiffs' Section 1983 First Amendment claims is in the interest of judicial economy and will streamline proceedings by avoiding multiple depositions of certain witnesses and duplicative written discovery.

## CONCLUSION

For these reasons, the CCPO Defendants request that this court stay discovery pending resolution of Plaintiff DiPeso's ongoing state criminal proceedings. Again, counsel of record has each consented to the CCPO Defendants' request to stay proceedings.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Handel T. Destinvil
Handel T. Destinvil (129102015)
Deputy Attorney General

cc: Stephen O'Hanlon, Esq., O'Hanlon Schwartz, P.C.
Via Electronic Filing: steve@ohanlonschwartz.com

A. Michael Barker, Esq., Barker, Gelfand, James & Sarvas, P.C.
Via Electronic Filing: ambarker@barkerlawfirm.net

Greg DiLorenzo, Esq., Barker, Gelfand, James & Sarvas, P.C.
Via Electronic Filing: gdilorenzo@barkerlawfirm.net